```
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569
     Facsimile: (213) 894-7177
     E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CV 09-2612-DSF(VBKx) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT JUDGMENT OF FORFEITURE** |
| ) | **BETWEEN PLAINTIFF UNITED STATES** |
| $83,749.00 IN U.S. CURRENCY, ) | **OF AMERICA AND CLAIMANTS HECTOR** |
| $73,935.00 IN U.S. CURRENCY, ) | **RAYA ORTEGA AND YOLANDA ORTEGA** |
| $19,475.00 IN U.S. CURRENCY, ) | **WITH RESPECT TO THE DEFENDANT** |
| $15,147.00 IN U.S. CURRENCY, ) | **ASSETS CLAIMED BY CLAIMANTS** |
| $8,160.00 IN U.S. CURRENCY ) | **HECTOR RAYA ORTEGA AND YOLANDA** |
| AND NINE (9) PIECES OF ) | **ORTEGA IN THIS CIVIL FORFEITURE** |
| MISCELLANEOUS JEWELRY, ) | **PROCEEDING** |
| ) | |
| Defendants. ) | [This Proposed Consent Judgment |
| _____ ) | Is Not Dispositive Of This |
| ) | Entire Action] |
| SERGIO ORTEGA, SR., SOCORRO ) | |
| ORTEGA, SERGIO ORTEGA, JR., ) | |
| YOLANDA ORTEGA, HECTOR ) | |
| ORTEGA, RENEE BETH EARLE AND ) | |
| OCTAVIO RAYA ORTEGA, ) | |
| ) | |
| Claimants. ) | |
| _____ ) | |

On or about April 30, 2009, plaintiff United States of America ("the United States of America") filed a First Amended Complaint for Forfeiture alleging that the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). The defendants named in the First Amended Complaint are:

(1) $83,749.00 in U.S. Currency (the "defendant $83,749.00 currency") seized on or about November 13, 2007 from an Antioch, California residence;

(2) $73,935.00 in U.S. Currency seized on or about November 16, 2007 from a vehicle being driven near Main Street and Neroly Road in Oakley, California;

(3) $19,475.00 in U.S. Currency seized on or about December 1, 2008 at Broken Wheel Bar, 5620 Main Street, Oakley, California);

(4) $15,147.00 in U.S. Currency seized on or about April 2, 2008 from a vehicle being driven near Highway 24 and Pleasant Hill Road in Lafayette, California;

(5) $8,160.00 in U.S. Currency seized on or about December 1, 2008 from a Brentwood, California residence; and

(6) Nine (9) pieces of miscellaneous jewelry (the "defendant jewelry") seized on or about December 1, 2008 from a Brentwood, California residence.

Claimant Sergio Ortega, Jr. filed a claim to defendant $73,935.00 in U.S. Currency on or about June 3, 2009; claimants Sergio Ortega, Sr. and Socorro Ortega filed claims to defendant $19,475.00 in U.S. Currency on or about June 3, 2009; claimants Hector Raya Ortega and Yolanda Ortega filed claims to defendant $83,749.00 currency on or about June 11, 2009; claimant Renee Beth Earle filed a claim to $3,760.00 out of the defendant $8,160.00 in

U.S. Currency and the defendant jewelry on or about June 24, 2009; and claimant Octavio Raya Ortega filed a claim to defendant $15,147.00 in U.S. Currency, $4,400.00 out of the defendant $8,160.00 in U.S. Currency and the defendant jewelry on or about July 6, 2009.

Claimants Sergio Ortega, Jr., Sergio Ortega, Sr. and Socorro Ortega answered the First Amended Complaint on or about June 11, 2009; and claimants Hector Raya Ortega and Yolanda Ortega answered the First Amended Complaint on or about July 27, 2009.

No other parties have appeared in this case and the time for filing claims and answers has expired.  Other than claimants Hector Raya Ortega and Yolanda Ortega, no other parties have filed a claim to the defendant $83,749.00 currency.

The United States of America, on the one hand, and claimants Hector Raya Ortega and Yolanda Ortega, on the other hand, have now agreed to settle this action relative to the disputes between them with respect to the defendant $83,749.00 currency, and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  As between the United States of America, on the one hand, and claimants Hector Raya Ortega and Yolanda Ortega, on the other hand, this Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture with respect to the defendant $83,749.00 currency.

2.   As between the United States of America, on the one hand, and claimants Hector Raya Ortega and Yolanda Ortega, on the other hand, the First Amended Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6) with respect to the defendant $83,749.00 currency.

3.   Notice of this action has been given as required by law. No appearances have been made in this case by any person with respect to the defendant $83,749.00 currency other than by claimants Hector Raya Ortega and Yolanda Ortega.  The Court deems that all other potential claimants admit the allegations of the First Amended Complaint for Forfeiture to be true with respect to the defendant $83,749.00 currency.

4.   The sum of $35,000.00 only (plus any interest earned by the United States of America on that sum), less any debts or other amounts owed by claimant Hector Raya Ortega which the United States of America is entitled to offset pursuant to 31 U.S.C. § 3716,[1] shall be returned to claimant Hector Raya Ortega.  The remainder of the defendant $83,749.00 currency (i.e., $48,749.00), plus any interest earned by the United States of America on $48,749.00 of the defendant $83,749.00 currency shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5.   The funds to be returned to claimant Hector Raya Ortega pursuant to paragraph 4 above shall be paid to claimant Hector Raya Ortega by electronic transfer directly into the client trust

---

[1] 31 U.S.C. § 3716, the Debt Collection Improvement Act of 1996 requires the United States of America to offset from its payments delinquent non-tax debts owed to the United States of America and delinquent debts owed to States, including past-due child support enforced by States.

4

1 account of the Law Offices of Doron Weinberg, which is the
2 successor to Weinberg & Wilder (*i.e.*, the law firm that is attorney
3 of record for claimants Hector Raya Ortega and Yolanda Ortega in
4 this case).  Nina Wilder Esq., is the attorney of record for
5 claimants Hector Raya Ortega and Yolanda Ortega in this case.
6 Claimant Hector Raya Ortega (through his attorney of record Nina
7 Wilder, Esq.) shall provide all information and complete all
8 documents requested by the United States of America in order for
9 the United States of America to complete the transfer and determine
10 the government's right to any offset pursuant to 31 U.S.C. § 3716
11 including, without limitation, providing claimant Hector Raya
12 Ortega's social security and taxpayer identification numbers, and
13 the identity of the bank, the bank's address and the account name,
14 account number, account type and wire transfer routing number for
15 the client trust account to which the transfer of funds is to be
16 made.

17    6.   Claimants Hector Raya Ortega and Yolanda Ortega, and each
18 of them, hereby release the United States of America, its agencies,
19 agents, officers, employees and representatives, including, without
20 limitation, all agents, officers, employees and representatives of
21 the Drug Enforcement Administration and the Department of Justice
22 and their respective agencies, as well as all agents, officers,
23 employees and representatives of any state or local governmental or
24 law enforcement agency involved in the investigation or prosecution
25 of this matter, from any and all claims, actions, or liabilities
26 arising out of or related to this action, including, without
27 limitation, any claim for attorney fees, costs, and interest, which
28 / / /

may be asserted by or on behalf of claimants Hector Raya Ortega and Yolanda Ortega, or either of them.

7.  As between the United States of America, on the one hand, and claimants Hector Raya Ortega and Yolanda Ortega, on the other hand, the Court finds that there was reasonable cause for the seizure of the defendant $83,749.00 currency and institution of these proceedings against the defendant $83,749.00 currency.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as between the United States of America, on the one hand, and claimants Hector Raya Ortega and Yolanda Ortega, on the other hand, with respect to the defendant $83,749.00 currency.

8.  The Court further finds that claimants Hector Raya Ortega and Yolanda Ortega did not substantially prevail in this action, and each of the parties hereto shall bear their own attorney fees and costs.

DATED: February 22, 2012

_____
THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal of this Consent Judgment of Forfeiture.

DATED: February 16, 2012   ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: February 5, 2012   NINA WILDER


/s/ Nina Wilder
NINA WILDER

Attorneys for Claimants
HECTOR RAYA ORTEGA and
YOLANDA ORTEGA